IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 03, 2014

## IN RE KAYLA E., ET AL.[1]

**Appeal from the Chancery Court for Lawrence County**
**No. 1316128    Jim T. Hamilton, Chancellor**

_____

**No. M2014-01162-COA-R3-PT - Filed January 9, 2015**

_____

Mother appeals the finding that termination of her parental rights to her child was in the child's best interest.  Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR.,  P. J., M. S., and W. NEAL MCBRAYER, J. joined.

M. Wallace Coleman, Jr., Lawrenceburg, Tennessee, for the appellant, Laura M. E.

Herbert H. Slatery, III, Attorney General and Reporter; and Jordan Scott, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

**OPINION**

Laura M. E. ("Mother") is the mother of five children and appeals the termination of her parental rights to one child, Shelby K., born June 2006.[2]  Shelby, along with Kayla and Daniel, were placed in the custody of the Department of Children's Services ("the

---

[1] This Court has a policy of protecting the identity of children in parental termination cases by initializing the last names of the parties.

[2] The termination proceeding initially involved three of Mother's children: Kayla E., Daniel G., and Shelby K.; an amended petition was filed to withdraw Kayla E. and her father Buford E. from the proceeding. Charles G., the father of Daniel G., surrendered his parental rights prior to the institution of the  proceeding; at trial Mother voluntarily surrendered her rights to Daniel G.  The case proceeded to terminate the rights of Mother and Timothy K. to Shelby K.; Timothy K. does not appeal the termination of his rights.

Department") on June 30, 2011, as a result of a dependent and neglect proceeding filed by the Department in Lawrence County Juvenile Court. An adjudicatory hearing was held on August 15, and on August 16, the court entered an order finding the children dependent and neglected within the meaning of Tenn. Code Ann. §§ 37-1-102(b)(1) and (12)(B), (F), and (G). Thereafter permanency plans were adopted on August 2, 2011, February 22, 2012, August 2, 2012, and January 24, 2013; Mother signed each of the plans.

The Department of Children's Services ("the Department") filed the Petition to Terminate Parental Rights in the Chancery Court of Lawrence County on January 14, 2013. The grounds alleged to terminate Mother's parental rights to Shelby were abandonment by failure to visit and support within the meaning of Tenn. Code Ann. §§ 36-1-113(g)(1) and 36-1-102(1)(A)(i), (1)(C) and (1)(E), substantial noncompliance with the permanency plans, Tenn. Code Ann. § 36-1-113(g)(2), and persistence of conditions, Tenn. Code Ann. § 36-1-113(g)(3); the petition also alleged that termination of Mother's rights was in the best interest of Shelby.

Trial was held on April 30 and May 1, 2014, and on May 16, the court entered an order terminating the Mother's parental rights to Shelby K. and Daniel G. As respects the termination of Mother's rights to Shelby, the court found that Mother failed to comply with the responsibilities and requirements of the permanency plans and that she had not remedied the conditions that led to Shelby's removal from her custody; the court determined, for numerous reasons, that termination of Mother's rights was in Shelby's best interest.

Mother appeals, articulating the following issue:

I. Whether clear and convincing evidence supports the trial court's determination that termination of [Mother's] parental rights was in the best interests of Shelby K. K.

## I. STANDARD OF REVIEW

A parent has a fundamental right to the care, custody, and control of his or her child. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Nash-Putnam v. McCloud*, 921 S.W.2d 170, 174 (Tenn. 1996). Thus, the state may interfere with parental rights only if there is a compelling state interest. *Nash-Putnam*, 921 S.W.2d at 174–75 (citing *Santosky v. Kramer*, 455 U.S. 745 (1982)). A party seeking to terminate the parental rights of a biological parent must prove at least one of the statutory grounds for termination. Tenn. Code Ann. § 36-1-113(c)(1); *In re D.L.B.*, 118 S.W.3d 366–67 (Tenn. 2003); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002). Secondly, the party must prove that termination of the parental rights of the biological parent is in the child's best interest. Tenn. Code Ann. § 36-1-113(c)(2).

Because of the fundamental nature of the parent's rights and the grave consequences of the termination of those rights, courts must require a higher standard of proof in deciding termination cases. *Santosky*, 455 U.S. at 766– 69; *In re M.W.A., Jr.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998). Thus, both the grounds for termination and the best interest inquiry must be established by clear and convincing evidence. Tenn. Code Ann. § 36-3-113(c); *In re Valentine*, 79 S.W.3d at 546. In light of the heightened standard of proof in these cases, a reviewing court must adapt the customary standard of review set forth by Tenn. R. App. P. 13(d). *In re M.J.B.*, 140 S.W.3d 643, 654 (Tenn. Ct. App. 2004). As to the court's findings of fact, our review is *de novo* with a presumption of correctness unless the evidence preponderates otherwise, in accordance with Tenn. R. App. P. 13(d). *Id.* We must then determine whether the facts, as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the elements necessary to terminate parental rights. *Id.*

## II. DISCUSSION

Although Mother does not contest the sufficiency of the evidence to establish the grounds for termination of her rights, we have reviewed the record and determined that the evidence clearly and convincingly proves the grounds of failure to comply with the permanency plans and persistence of conditions. Thus, the issue we address is the sufficiency of the evidence to support the finding that termination of Mother's rights was in Shelby's best interest.

Our legislature has set out a list of factors at Tenn. Code Ann. § 36-1-113(i) to be followed in determining whether termination of a parent's rights is in a child's best interest.[3]

---

[3] The factors at Tenn. Code Ann. § 36-1-113(i) are:

(1) Whether the parent or guardian has made such an adjustment of circumstance, conduct, or conditions as to make it safe and in the child's best interest to be in the home of the parent or guardian;
(2) Whether the parent or guardian has failed to effect a lasting adjustment after reasonable efforts by available social services agencies for such duration of time that lasting adjustment does not reasonably appear possible;
(3) Whether the parent or guardian has maintained regular visitation or other contact with the child;
(4) Whether a meaningful relationship has otherwise been established between the parent or guardian and the child;
(5) The effect a change of caretakers and physical environment is likely to have on the child's emotional, psychological and medical condition;
(6) Whether the parent or guardian, or other person residing with the parent or guardian, has

(continued...)

3

The list of factors in the statute is not exhaustive, and the statute does not require every factor to appear before a court can find that termination is in a child's best interest. *In re S.L.A.*, 223 S.W.3d 295, 301 (Tenn. Ct. App. 2006) (citing *State of Tenn. Dep't of Children's Servs. v. T.S.W.*, 2002 WL 970434, at *3 (Tenn. Ct. App. May 10, 2002); *In re I.C.G.*, 2006 WL 3077510, at *4 (Tenn. Ct. App. Oct. 31, 2006)).

With respect to Mother's rights to Shelby, the trial court held:

> 12. It is in [Shelby's] best interest for termination to be granted as to [Mother] . . . because [she has] not made such an adjustment of circumstance, conduct or conditions as to make it safe and in the children's best interest to be in [her] home[s].
> ***
> 15. It is in [Shelby's] best interest for termination to be granted as to [Mother] . . . because a change of caretakers and physical environment resulting in a return to [Mother] is likely to have a detrimental/negative effect on the [Shelby's] emotional, psychological and medical condition.
> ***
> 17. It is in [Shelby's] best interest for termination to be granted as to [Mother]. . . because [Mother's] mental and/or emotional status[] would be detrimental to [Shelby] and/or prevent [Mother] from providing safe and stable care and supervision for [Shelby] and from effectively parenting [Shelby].
> 18. It is in [Shelby's] best interest for termination to be granted as to [Mother]. . . because [Mother has] not paid child support consistently with the child support guidelines promulgated by the Department of Human Services pursuant to Tenn. Code Ann. § 36-5-101.

---

[3](...continued)
shown brutality, physical, sexual, emotional or psychological abuse, or neglect toward the child, or another child or adult in the family or household;

(7) Whether the physical environment of the parent's or guardian's home is healthy and safe, whether there is criminal activity in the home, or whether there is such use of alcohol, controlled substances or controlled substance analogues as may render the parent or guardian consistently unable to care for the child in a safe and stable manner;

(8) Whether the parent's or guardian's mental and/or emotional status would be detrimental to the child or prevent the parent or guardian from effectively providing safe and stable care and supervision for the child; or

(9) Whether the parent or guardian has paid child support consistent with the child support guidelines promulgated by the department pursuant to § 36-5-101.

19.　　It is in [Shelby's] best interest for termination to be granted as to [Mother]. . . because [Mother has] not paid a reasonable portion of the children's substitute physical care and maintenance when financially able to do so.

20.　　It is in [Shelby's] best interest for termination to be granted as to [Mother]. . . because [Mother has] shown little or no interest in the welfare of the children.

21.　　It is Shelby K.'s best interest for termination to be granted as to [Mother] . . . because Shelby has disclosed she was sexually abused by [Mother].

The evidence bearing on the court's findings relative to Shelby's best interest was extensive. Tina Waits and Jennifer Palmer, case workers with the Child Protective Services Division of the Department, testified regarding the Department's involvement with the family for several years, and the conditions and circumstances which led to the filing of the dependent and neglect proceeding. Haley Meares, a family service worker with the Department, began working with the family when the children were placed in the Department's custody. Ms. Meares testified at length regarding Shelby's condition when she came into custody and the conditions in Mother's home which had not been remedied since that time; Ms. Meares had concerns, specifically related to the safety and stability of the home environment and Mother's inability after two years to complete a series of parenting classes. Michele Ries, a licensed clinical social worker who had provided trauma-focused cognitive behavioral therapy for Shelby since October 2011, testified at length as to Shelby's physical and developmental condition when she began therapy as a five year old, and the "amazing" progress Shelby had made while in foster care; Ms. Ries also expressed concerns regarding domestic violence in Mother's home, Mother's pattern of cohabitating with men who are physically, sexually or mentally abusive to Mother's children without her protection, and Mother's failure to attend recommended individual and family counseling sessions. Shelby's foster mother testified as to Shelby's condition and needs when she came into foster care, her progress since that time, and her need for continued services and therapy to address her developmental problems, social skills, and sexual abuse. Taken as a whole, the testimony was clear and convincing that termination of Mother's rights was in Shelby's best interest and in accordance with the factors at Tenn. Code Ann. § 36-1-113(i).

**III. CONCLUSION**

For the foregoing reasons, we affirm the decision of the trial court terminating Mother's parental rights.

_____
RICHARD H. DINKINS, JUDGE